51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Lee WOOD, Plaintiff-Appellant,
v.
John AVENENTI, Warden, et al., Defendants-Appellees.
 No. 93-15946.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided March 22, 1995.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiff-Appellant Douglas Wood, an inmate incarcerated in the Florence unit of the Arizona Department of Corrections, appeals the district court's grant of summary judgment for Defendants-Appellees John Avenenti and other officials employed at the Florence unit. Pursuant to 42 U.S.C. Sec. 1983, Wood claims that prison officials denied him meaningful access to the courts because they failed to provide him with legal assistance and access to a law library. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 BACKGROUND
 
 3
 On August 2, 1991, prison officials accused Plaintiff-Appellant Douglas Wood, an inmate incarcerated in the Florence unit of the Arizona Department of Corrections, of violating a prison rule. Specifically, prison officials suspected Wood of possessing drugs or paraphernalia because a guard found a syringe in his cell. Pending an investigation of Wood's alleged rule infraction, officials transferred Wood on August 5, 1991 from Cell Block # 7 to Cell Block # 3, the lockdown unit.
 
 
 4
 Officials informed Wood that they scheduled a disciplinary hearing on August 13, 1991, and that the alleged offense "is triable under the criminal laws of the State of Arizona." (Assignment to Investigate Detention, E.R. 8 Ex. F.) On August 7, 1991, officials notified Wood that he had a right to "the assistance of a willing and able inmate" or "a willing and able staff member" in the preparation of his defense. (Notice of Alleged Rule Violation, E.R. 11 Ex. B.)
 
 
 5
 Wood requested that Donald Strausser, an inmate housed in Cell Block # 7, be appointed to represent him. Wood stated that he also needed Strausser to help him with "both disciplinary and civil action." (Inmate Letter, E.R. 8 Ex. G.) The civil action was Wood's petition for a writ of habeas corpus to the Arizona Supreme Court. Prison officials denied Wood's request, explaining that because Strausser was housed in Cell Block # 7, Wood must find an inmate legal assistant housed in his own block, Cell Block # 3.
 
 
 6
 Wood then attempted, in vain, to enlist the assistance of a legal assistant from Cell Block # 3. In the meantime, Wood also requested to use the law library. He was scheduled to use the library for two hours on each of eight days. However, officials prohibited him from using the library on five of those days because he was in complete lockdown.
 
 
 7
 On August 13, 1991, Wood, unrepresented, appeared before the Disciplinary Committee. The Committee ultimately found him guilty of possession of drugs and paraphernalia. The record does not indicate whether the State ever brought any criminal charges against Wood.
 
 
 8
 On November 14, 1991, Wood filed the instant action in the United States District Court for the District of Arizona. Pursuant to 42 U.S.C. Sec. 1983, Wood claimed that prison officials denied him meaningful access to the courts because they failed to provide him legal assistance and a law library for the preparation of his defense at the disciplinary hearing and for the filing of his habeas corpus petition.
 
 
 9
 On April 20, 1992, Wood moved for summary judgment. On June 9, 1992, the prison officials filed a cross-motion for summary judgment. On April 29, 1993, the district court granted the prison officials' motion because it found no genuine issues of material fact and concluded that the officials were entitled to judgment as a matter of law. Wood now appeals.
 
 ANALYSIS
 
 10
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant law in granting summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 A. Wood's Disciplinary Hearing
 
 11
 In Wolff v. McDonnell, 418 U.S. 539, 570 (1970), the Supreme Court outlined the due process protections that States must provide prisoners in disciplinary proceedings. States must furnish, inter alia, legal assistance "where an illiterate inmate is involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Id.
 
 
 12
 The district court concluded that because Wood failed to allege either illiteracy or sufficient complexity of his case, prison officials had no duty to provide him with either legal assistance or access to a law library. However, this deficiency does not justify the district court's dismissal of Wood's complaint.
 
 
 13
 We have held that for pro se litigants, leave to amend a complaint should be granted freely. See, e.g., Hernandez v. Denton, 861 F.2d 1421, 1423 (9th Cir.1988) ("[W]hen a court dismisses a pro se complaint for failure to state a claim, the court should draft a few sentences explaining to the plaintiff the deficiencies and allow the plaintiff to amend."). That Wood failed to allege sufficient complexity of his case should not preclude him from making that assertion on remand.
 
 
 14
 Wood was detained in the lockdown unit when he needed to prepare for his disciplinary proceeding. The severe restrictions on his liberty likely made it difficult for him to "collect and present the evidence necessary for an adequate comprehension of [his] case." Wolff, 418 U.S. at 570. Accordingly, we reverse the district court's grant of summary judgment in favor of Defendants, and remand to the district court to grant Wood leave to amend his complaint.
 
 B. Wood's Habeas Corpus Petition
 
 15
 Wood requested both legal assistance and access to the law library to prepare his habeas corpus petition to the Arizona Supreme Court. In Touissaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986), we held that "all prisoners are entitled to meaningful access to the courts. If the state denies a prisoner reasonable access to a law library, the state must provide that prisoner legal assistance." See also Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985) ("The existence of an adequate law library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library.").
 
 
 16
 However, in Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994), we held that a prisoner who contends that his right of access to the courts was violated because of inadequate access to a law library must show that such access "caused him actual injury." Understandably, neither Wood nor the prison officials have raised the actual injury issue because Vandelft was not decided until July 26, 1994, just four days before Wood filed his pro se complaint on July 30, 1994.
 
 
 17
 As we noted in Hernandez, supra, leave to amend a complaint should be granted freely to pro se litigants. Accordingly, we reverse the district court's grant of summary judgment in favor of Defendants, and remand to the district court to grant Wood leave to amend his complaint to conform to the requirements of Vandelft.
 
 
 18
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3