53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 MacArthur SMITH, Plaintiff-Appellant,
v.
Tom LONG, Defendant-Appellee.
 No. 94-15852.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 MacArthur Smith appeals pro se the district court's dismissal, pursuant to 28 U.S.C. Sec. 1915(d) of his 42 U.S.C. Sec.1983 action, alleging prison officials denied him access to the law library which resulted in the dismissal of his habeas petition. Where a prisoner "does not challenge the adequacy of a law library or alternative sources of legal knowledge, he must identify 'some specific instance in which [he] was actually denied access to the courts."' Allen v. Sakai, No. 93-16780, slip op. 2311, 2328 (9th Cir. March 1, 1995) (quoting Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989)). A prisoner who contends that his right to access to the courts was violated because of inadequate access to a law library must show that such access caused him actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). As indicated in the district court's order of dismissal, Smith suffered no actual injury because the district court reinstated Smith's habeas petition and allowed Smith to proceed with his habeas action. The district court, therefore, did not err in dismissing Smith's civil rights action as frivolous. Id.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3