62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Carl BARNES, Plaintiff-Appellant,
v.
James GOMEZ, Director; Mike Carrillo; and Lt. R. A. Garza,
Defendants-Appellees.
 No. 94-17225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Carl Barnes, a California state prisoner, appeals pro se the district court's denial of his application for a preliminary injunction in his 42 U.S.C. Sec. 1983 action seeking expanded access to the prison law library. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm.
 
 
 3
 We review the district court's decision on a request for a preliminary injunction for an abuse of discretion. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). To prevail on a motion for a preliminary injunction, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and that the balance of hardships tips in its favor. See id. "Under either formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).
 
 
 4
 Barnes contends he was denied meaningful access to the courts because his work schedule precluded his use of the prison law library during open hours. This contention lacks merit.
 
 
 5
 In order to ensure meaningful access to the courts, prison officials must provide prisoners with "adequate law libraries or with adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). To establish that his right of access to the courts was violated because of inadequate access to the law library, a prisoner must show (1) his lack of access to the library was unreasonable, and (2) he suffered actual injury as a result. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994), petition for cert. filed, (U.S. Apr. 12, 1995) (No. 94-0079). To demonstrate "actual injury" the prisoner must point to a specific instance wherein he was actually denied access to the courts. Id. (quoting Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989)).
 
 
 6
 Here, Barnes failed to show that he suffered actual injury as a result of the alleged lack of access. Barnes's mere assertion that he was involved in several court cases and did not have sufficient time to prepare for them is inadequate because he has not pointed to a specific instance in which he was actually denied access to the courts. See Vandelft, 31 F.3d at 798.
 
 
 7
 Because Barnes was unable to show actual injury as a result of limited access to the law library, he failed to show a likelihood of success on the merits. In addition, Barnes failed to show he would suffer irreparable harm if the injunction was not granted. See Goldie's Bookstore Inc. v. Superior Court of California, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). Accordingly, the district court did not abuse its discretion by denying Barnes's request for injunctive relief. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991); Lindquist, 776 F.2d at 858.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3