76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel B. SIMS, Plaintiff-Appellant,
v.
BUREAU OF PRISONS, Director; R.J. Lanphear, Acting Warden;
G. Dematteo, Case Manager; C.R. Odum, Unit Manager; D.
Balliet, Property Officer; D. Groover, Counselor; M.T.
Strahl, Defendants-Appellees.
 No. 94-16170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel B. Sims, a federal prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his Bivens action alleging that prison officials arbitrarily increased his custodial classification without due process and denied him access to the courts. We review a district court's summary judgment de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Sims contends that the district court erred by finding that he was not denied due process when his security level was increased. This contention lacks merit.
 
 
 4
 Prison officials must, in accordance with due process, provide an inmate with notice of the charges against him and an opportunity to present his views. Barnett, 31 F.3d at 815. Here, the record indicates that there were evidentiary hearings regarding his security level and that, only after the hearings, he was sanctioned by the withholding of good time credits and with disciplinary segregation. On one occasion, Sims appealed the sanctions, and his good time credits were reinstated. Accordingly, the district court did not err by finding that prison officials did not violate Sims's due process rights when his security level was increased. See id.
 
 
 5
 Sims contends that the district court erred by finding that he was not denied access to the courts. This contention lacks merit.
 
 
 6
 In order to establish an access to the courts claim, Sims must show either (1) that he was denied access to an adequate law library or trained legal assistant or (2) an actual injury involving a specific instance when he was denied access to the courts. See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995). Here, the record indicates that Sims's delays in retrieving his legal materials from the property room were a result of Sims's refusal to fill out an inmate request form. Moreover, Sims failed to establish that he suffered any actual injury.
 
 
 7
 Accordingly, the district court did not err by granting summary judgment to defendants. See Barnett, 31 F.3d at 815; Vandelft, 31 F.3d at 798.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3