87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Enrique MONTOYA, Jr., Plaintiff-Appellant,
v.
James P. McFADDEN; Victor Ruboyianes, Defendants-Appellees.
 No. 95-16915.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Enrique Montoya, Jr., an Arizona state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action for failure to state a claim. Montoya alleges that in April 1995 he was denied access to a prison law library for a month under a regulation barring prisoners who pose security risks. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(6) to determine whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. E.g., Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). We will affirm.
 
 
 3
 Where the adequacy of a prison law library is not in question, a prisoner alleging denial of access both to the library and to adequate legal assistance must show the denial was unreasonable and caused "actual injury." Vandelft v. Moses, 31 F.3d 794, 796-97 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995). " 'Actual injury' is defined as a specific instance in which an inmate was actually denied access to the courts." Id. at 796 (internal quotations and citation omitted). It plainly appears from the briefs and record that Montoya cannot claim he suffered actual injury as a result of the alleged denial of access. Accordingly, the district court did not err by dismissing the action. See Sands, 886 F.2d at 1172 (affirming dismissal where it was absolutely clear that amendment of complaint could not cure deficiencies).[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Montoya's request for oral argument is denied. Construing Montoya's subsequent request filed April 12, 1996, as a motion for continuance, the motion is denied. Appellant's motion filed May 17, 1996 seeking access to legal materials is also denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)