104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel PAREJO, Plaintiff-Appellant,
v.
James E. THATCHER; John Doe Peterson; Michael Watkins;
Lieutenant Lake, Defendants-Appellees.
 No. 96-35425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Parejo, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. Parejo alleged that he was placed in administrative segregation for retaliatory reasons, in violation of his right to be free from cruel and unusual punishment and his right to due process, and that he was denied access to the courts for ten days. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Parejo contends that defendants confined him to administrative segregation based upon retaliatory motives. This contention lacks merit.
 
 
 4
 To establish a retaliation claim, a prisoner must show that he was "retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving order and discipline." Barnett, 31 F.3d at 815-16 (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). First, Parejo has failed to present evidence that he was engaged in protected conduct. Second, defendants submitted evidence that established that Parejo's presence in the general prison population constitutes a safety risk because Parejo was an informant who provided assistance to various law enforcement agencies. Indeed, Parejo acknowledges that he has testified at several felony trials and that he is in need of protection based upon that status. Because Parejo failed to present evidence that contradicts defendants' evidence that Parejo's segregation advanced legitimate goals of the prison, the court properly granted summary judgment on Parejo's retaliation claim. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995); Barnett, 31 F.3d at 815.
 
 
 5
 Parejo contends that his confinement in the Intensive Management Unit ("IMU") constituted cruel and unusual punishment in violation of the Eighth Amendment. This contention lacks merit.
 
 
 6
 In order to prevail on a section 1983 claim that prison conditions violate the Eighth Amendment, a prisoner must show that: (1) there is a deprivation of basic human needs, and (2) the prison official acted with deliberate indifference to prisoner health or safety. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Parejo has not shown that he was deprived of a basic human need while housed in the IMU, or that prison officials were deliberately indifferent to his health or safety. See id.; Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.), cert. denied, 115 S.Ct. 1695 (1995). Thus, summary judgment with regard to this issue was appropriate. See Barnett, 31 F.3d at 815.
 
 
 7
 Next, Parejo contends that defendants violated his right to due process because although he was placed in administrative segregation for protective custody purposes, he is classified and housed in the IMU in the same category as certain inmates who are in disciplinary segregation.
 
 
 8
 When prison officials confine an inmate to administrative segregation, due process requires notice to the prisoner regarding the reason for his segregation, an opportunity for the prisoner to submit information regarding the segregation, and a non-adversarial review of the information supporting confinement. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); see also Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 9
 Here, Parejo received advanced notice of an informal hearing which was held on March 4, 1994, at which time Parejo was informed of the reason for his segregation, and was given an opportunity to make a statement. See Hewitt, 459 U.S. at 472; Barnett, 31 F.3d at 815. Thus, Parejo failed to establish that his right to due process was violated by his placement in administrative segregation. See Toussaint, 801 F.2d at 1100. Regarding Parejo's claim that his classification in administrative segregation overlaps with other inmates who are confined to IMU for disciplinary segregation, we accord great deference to the decision of prison administrators regarding prison discipline and security. See Hewitt, 459 U.S. at 472; see also Barnett, 31 F.3d at 815. Accordingly, the district court's grant of summary judgment on this claim was appropriate. See Barnett, 31 F.3d at 815.
 
 
 10
 Finally, Parejo contends that he was denied access to the courts because he was unable to access legal materials for ten days while he was in the close observation unit (COU) as a suicide precaution. This contention lacks merit. In order for Parejo to establish an access to the courts claim, he must show a specific instance in which he was actually denied access to the courts. See Lewis v. Casey, 116 S.Ct. 2174, 2179-2180 (1996); see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994). Because Parejo failed to establish that his lack of access to his legal materials for ten days actually hindered his efforts to pursue a legal claim, the district court properly granted summary judgment for defendants on this claim. See Lewis, 116 S.Ct. at 2179-2180; Vandelft, 31 F.3d at 796.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Parejo appeals from the district court's award of allowable costs to defendants, we affirm the award because we find no abuse of discretion. See Fed.R.Civ.P. 54(d)(1); Schwarz v. Secretary of Health & Human Servs., 73 F.2d 895, 900 (9th Cir.1995)