108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Alexander CHRISTOPHER, Plaintiff-Appellant,
v.
James GOMEZ; C/O Gaboa; C/O Gabbie; C/O Yoder; L.
Snider, Defendants-Appellees.
 No. 96-15034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Alexander Christopher, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Christopher's 42 U.S.C § 1983 action alleging that he was denied constitutionally adequate access to the prison law library. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Christopher contends that the district court erred by granting defendants an extension of time to file a late motion for summary judgment.[1] This contention lacks merit.
 
 
 4
 "[W]e review decisions involving pretrial scheduling orders issued pursuant to Federal Rule of Civil Procedure 16 for an abuse of discretion." Janicki Logging Co. v. Mateer, 42 F.3d 561, 563 (9th Cir.1994). Here, in support of their request for an extension of time to file their summary judgment motion, defendants submitted a declaration from their attorney stating that he had been recently assigned to the case, and that the documents he requested with respect to Christopher's access claim contained over one thousand pages. The district court did not abuse its discretion by granting the defendants' request to file a late summary judgment motion. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Christopher fails to raise the issue of whether the district court erred by granting summary judgment for defendants on his section 1983 action. Nonetheless, the district court did not err because Christopher failed to allege that he suffered an actual injury to court access. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996); see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994)