116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marion Franklyn MILLER, Jr., Plaintiff-Appellant,
v.
Wayne L. Archie; Steve R. Moore, Program Administrator,
Defendants-Appellees.
 No. 96-15500.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-91-01141-DFL; David F. Levi, District Judge, Presiding.
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marion Franklyn Miller, Jr., a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action alleging a violation of his right of access to the courts.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, See Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993), and we affirm.
 
 
 3
 To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996). The Supreme Court has defined "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." See id, at 2178 (internal quotation omitted).
 
 
 4
 Here, Miller has alleged that he suffered an "actual injury" in four separate pieces of litigation. With respect to Miller v. Borg, Miller alleges that denial of access to the prison law library prevented him from preparing discovery requests, but Miller's declaration states that the district court granted Miller an enlargement of time to finish conducting discovery and he submitted no evidence that with the extension of time he was still unable to complete discovery. With respect to Miller v. Denton, Miller alleges that denial of access to the prison law library prevented him from preparing a reply brief, but evidence submitted by Miller and defendants shows that this court granted Miller an extension of time to file a reply brief. With respect to Miller v. Schmidt, Miller alleges that denial of access to the prison law library prevented him from preparing an amended complaint, but the district court docket shows that the district court rejected the magistrate judge's recommendation to dismiss the complaint and ordered the complaint served without amendment. with respect to In re Miller, Miller alleged that denial of access to the prison law library prevented him from filing a timely petition of certiorari with the United States Supreme Court, but he failed to submit evidence that he sought an extension of time to file such petition. See Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir.1994) (stating that where prisoner alleged violation of right of access to the courts, but failed to present evidence of seeking extension of time to file pleadings, prisoner failed to establish actual injury).
 
 
 5
 Because Miller failed to present evidence that he suffered an actual injury due to denial of access to the prison law library, we conclude that the district court did not err by granting summary judgment for defendants on Miller's claim of a violation of his right of access to the courts. See Lewis, 116 S.Ct. at 2178-80; Vandelft, 31 F.3d 796-97.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Miller does not appeal the district court's grant of summary judgment on his claim of retaliation or the district court's denial of his motion for injunctive relief
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicablity, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal