124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ned L. KELLEY, Plaintiff-Appellant,
v.
Tom ROLFS; Steve Sowers; Jane Doe, Health Authority
Clallam Bay Correction Center; Jane Doe,
Corrections Counselor II, Clallam
Clallam Bay Correction Center,
Defendants-Appellees.
 No. 96-35475.
 United States Court of Appeals,
 Ninth Circuit.
Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-05301-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ned Kelley, a Washington state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action alleging violations of his First, Eighth, and Fourteenth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel, & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 I.
 First Amendment Claim
 
 3
 Prisoners have a First Amendment right to be free from retaliation for participating in protected speech activities. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). A prisoner's First Amendment right extends to established grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). To state a First Amendment claim based on retaliation, a prisoner must allege that the prison officials retaliated against him for exercising his First Amendment rights, and that the retaliatory action did not advance the legitimate goals of the correctional institution or was not narrowly tailored to achieve those goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). We take the allegations in the complaint as true, and review them in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)
 
 
 4
 Here, Kelley alleged in his amended complaint that the prison officials placed him in administrative segregation, and later transferred him to the Special Offenders Center ("SOC") because he had filed prison grievances. Kelley also alleged, however, that defendant Sowers placed him in administrative segregation because of threats from other inmates, and that Clallam Bay Corrections Center personnel referred him to the SOC because he has a problem dealing with women. Because Kelley's allegations, when taken as true, indicate that the defendants' actions advanced legitimate penological objectives, the district properly dismissed this claim. See Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir.1989).
 
 II.
 Other Constitutional Claims
 
 5
 Kelley alleged that defendant Sowers and other prison staff violated his Eighth Amendment rights by labeling him a "snitch" and a "rapo," thereby, subjecting him to "constant harassment" and "mental torture" by other inmates. Kelley further alleged that defendants "conspired to cause plaintiff harm by sending him to SOC for an unwarranted, unneeded psychological evaluation." Kelley, however, failed to allege that he has suffered, or is immediate danger of suffering, "an objectively, sufficiently serious" deprivation or injury. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991). Accordingly, the district court properly concluded that Kelley failed to state a viable Eighth Amendment claim. See id.
 
 
 6
 Kelley also alleged that the defendants denied him access to the courts by refusing to send his legal materials to him while he was housed at the SOC. Although Kelley alleged that the defendants' refusal to send his legal material caused this court to dismiss his appeal, our records indicate that Kelley's appeal was dismissed because he failed to pay the filing fee. Because Kelley failed to demonstrate that he suffered actual injury as a result of the defendants' conduct, the district court properly dismissed his access to courts claim. See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994).
 
 
 7
 In addition, Kelley's allegation that defendant Sowers transferred him to administrative segregation without first giving him notice or a hearing fails to state a due process claim because Kelley does not have a liberty interest in remaining free from administrative segregation. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997) (finding that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Kelley appeals the dismissal of his Equal Protection claim, the dismissal was proper because Kelley failed to demonstrate that he was member of a protected class or that thee defendants' actions were the result of invidious discrimination. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977)