129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor REYNOLDS, Plaintiff-Appellant,
v.
D.W. SMITH, Correctional Officer; H.L. Martin, Correctional
Officer, Defendants-Appellees,
and
James Gomez; Peggy L. Kernan, Warden CSP Solano; A.R.
Bickel, Program Lieutenant; J.M. Batchelor, Jr.,
Associate Warden, Defendants.
 No. 96-16962.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-94-00275-LKK; Lawrence K. Karlton, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Reynolds, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant correctional officers in his 42 U.S.C. § 1983 action alleging that defendants violated his First, Sixth and Fourteenth Amendment rights by reading a copy of the criminal appellate brief prepared by his attorney. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993) (per curiam), and we affirm.
 
 
 3
 Reynolds contends that the district court erred in granting summary judgment in favor of defendants because he presented sufficient evidence that by reading a copy of his criminal appellate brief defendants Smith and Martin[1] interfered with his access to the courts under the Fourteenth Amendment and with his right to communicate confidentially with his attorney under the First and Sixth Amendments. This contention lacks merit.
 
 
 4
 Our review of the record reveals that Reynolds submitted no evidence that he suffered any actual injury to his right of access to the courts. See Lewis v. Casey, 116 S.Ct. 2174, (1996); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994).
 
 
 5
 Further, our review of the record reveals uncontroverted evidence that the criminal appellate brief was filed with the California Court of Appeal two weeks before defendants' alleged misconduct. Accordingly, Reynolds did not meet his burden of proving that the document in question was a confidential communication with his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996) (holding that mail from court is not legal nail because court documents are public record); see also Partington v. Gedan, 961 F.2d 852, 863 (9th Cir.1991) (Sixth Amendment protects against government interference with relationship between criminal defendant and his attorney which substantially prejudices the criminal defendant).
 
 
 6
 Because there was no genuine issue of material fact as to Reynolds' First, Sixth, and Fourteenth Amendment claims, the district court did not err by granting summary judgment for defendants. See Barnett, 31 F.3d at 815.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate:for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed all defendants except Smith and Martin as well as Reynolds' claims for injunctive and declaratory relief pursuant to Fed.R.Civ.Proc. 12(b)(6)
 
 
 [2]
 Reynolds' contention that the district court improperly vacated the pre-trial conference date and the trial date pending the outcome of the summary judgment motion has no merit
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal