Gregory Tyree BROWN, Plaintiff—
Appellant,

v.

Marjourie LITHEL, Deputy Secretary, Washington Department of Corrections, in her individual and official capacities; et al., Defendants—Appellees.

No. 04–35341.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

---

* The panel unanimously finds this case suitable

Gregory Tyree Brown, Walla Walla, WA, pro se.

Brian G. Maxey, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Washington state prisoner Gregory Tyree Brown appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the First, Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

■ The district court properly granted summary judgment to defendants on Brown's retaliation claims because Brown failed to raise a genuine issue of material fact for trial that defendants' actions did not advance legitimate penological goals. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005); *Sanchez v. Vild,* 891 F.2d 240, 242, (9th Cir.1989) (explaining that prisoner must present triable issues of fact to overcome summary judgment motion).

■ The district court properly granted summary judgment to defendants on Brown's equal protection claims because Brown failed to show that he was a member of a protected class and that defendants discriminated against him on the basis of that class. *See Lee v. City of Los Angeles,* 250 F.3d 668, 686–87 (9th Cir. 2001).

■ The district court properly granted summary judgment to defendants on Brown's deliberate indifference claim because Brown failed to show that prison officials knew of and disregarded a substantial risk to his health by housing him with cellmates who smoked. The record shows that defendants, once they were aware of Brown's grievance, responded by moving him out of the cell within four days. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ Brown's claims against defendant Pease fail because verbal harassment generally does not violate the Eighth Amendment. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996).

■ The district court properly granted summary judgment to defendant Lithel because Brown failed to raise a triable issue of fact regarding Lithel's involvement in the alleged violations. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001) (section 1983 supervisory liability arises only upon a showing of personal participation by defendant).

To the extent Brown claims defendants conspired to deprive him of his constitutional rights, his claim fails because he provided no evidence to support his conclusory allegation. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (this Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

■ Brown failed to present any evidence that he was unable to file a habeas petition, civil rights action, or a direct criminal appeal. *See Cornett v. Donovan,* 51 F.3d 894, 899 (9th Cir.1995) ("The right of access is designed to ensure that a habeas petition or a civil rights complaint of a person in state custody will reach a court for consideration."). Further, Brown's demonstrated ability to file pleadings, conduct discovery, and file appeals undermines his claim that defendants did not provide him with the "capability of bringing contemplated challenges to sen-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tences or conditions of confinement before the courts." *See Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Accordingly, the district court properly granted summary judgment for defendants on his access to court claim. *See Vandelft v. Moses,* 31 F.3d 794, 798 (9th Cir.1994).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.