**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD ADAMS, | No. 08-17377 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-06658-LJO-DLB |
| v. | |
| P. L. VASQUEZ; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Ronald Adams, a California state prisoner, appeals pro se from the district

court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action

alleging defendants violated his right of access to the courts by restricting his

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

access to the law library and legal materials and retaliated against him by issuing various reports against him for his protected First Amendment activity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to defendants on the access to courts claim because the uncontroverted evidence shows that their alleged acts or omissions did not cause dismissal of Adams's section 1983 action or denial of his habeas petition. *See Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (recognizing that prisoner alleging inadequate access to courts must show how inadequate access caused actual injury).

The district court properly granted summary judgment to defendants on Adams's retaliation claim because Adams failed to raise a genuine issue of material fact as to whether the allegedly retaliatory conduct was unrelated to legitimate penological interests. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

Adams's motion for appointment of counsel is denied, and his motion for certificate of appealability is dismissed as not cognizable in this section 1983 appeal.

**AFFIRMED.**