91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alphonso CAMPBELL, Plaintiff-Appellant,
v.
Ralph THOMASON, OSP Officers; Tom Mynatt; D. Heppner; J.
Klhka, Defendants-Appellees.
 No. 94-36040.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alphonso Campbell, an Oregon state prisoner, appeals the district court's summary judgment for defendant prison officials in Campbell's 42 U.S.C. § 1983 civil rights action alleging that the defendants violated his right of access to the courts by confiscating his legal documents. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 4
 Campbell contends that the district court erred by granting summary judgment for the defendants on his access to the courts claim. This contention lacks merit.
 
 
 5
 In order for Campbell to establish an access to the courts claim, he must show that he suffered an "actual injury" as a result of the confiscation of his legal documents. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995). This he failed to do.
 
 
 6
 Because Campbell failed to offer evidence establishing that he suffered an "actual injury," summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Vandelft, 31 F.3d at 797.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Campbell's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Campbell failed to make any argument with respect to the other claims he brought before the district court, we deem those claims abandoned