91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Admiral ROSSELL, Plaintiff-Appellant,
v.
Wesley MAYHEW; Patrick Cavalliero; Dawn Begerson,
Defendants-Appellees.
 No. 94-16430.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Admiral Rossell, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Rossell's 42 U.S.C. § 1983 civil rights action alleging violations of his Eighth and Fourteenth Amendment rights. Rossell alleged that the defendants, after removing him from the law library for a disciplinary infraction, used excessive force when placing him in his cell. Rossell also alleged that the defendants wrongfully restricted his access to the law library for thirty days. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 A. Excessive Force
 
 4
 Rossell contends that the district court erred by granting summary judgment for the defendants because a genuine issue of material fact exists as to whether the defendants used excessive force against Rossell. This contention lacks merit.
 
 
 5
 To determine whether prison officials used excessive force in violation of the Eighth Amendment, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citation omitted); accord Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.1993) (en banc).
 
 
 6
 Here, in support of their motion for summary judgment, the defendants submitted affidavits which established that they used the amount of force which was necessary under the circumstances to subdue Rossell and restore order. The defendants also denied Rossell's allegation that defendant Cavalliero hit Rossell's head against the floor during the incident.
 
 
 7
 In order to withstand the defendants' motion for summary judgment, Rossell must "go beyond the pleadings, and by [his] own affidavits, or by 'depositions, answers to interrogatories, or admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Rossell failed to offer any evidence, however, in opposition to the defendants' motion for summary judgment.[1] Because Rossell failed to submit evidence sufficient to establish the existence of an essential element to his action, summary judgment was proper. See id. at 322; Hudson, 503 U.S. at 6-7; Jordan, 986 F.2d at 1528.
 
 B. Access to the Courts
 
 8
 Rossell also contends that the district court erred by granting summary judgment for the defendants because a genuine issue of material fact exists as to whether the defendants denied Rossell access to the courts. This contention lacks merit.
 
 
 9
 In order for Rossell to establish that he was denied meaningful access to the courts, he must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, No. 94-1511, 1996 WL 340797 at * 5 (U.S. June 24, 1996) (stating that an inmate bringing an access to the courts claim must establish that he has suffered an "actual injury"); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995) (holding that an inmate must establish that he has suffered an "actual injury" where he alleges that he was denied reasonable access to the law library).
 
 
 10
 Here, in support of their motion for summary judgment, the defendants submitted Wes Mayhew's affidavit in which he averred that Rossell was not denied access to the law library but rather was physically restricted from the law library for a period of thirty days. According to Mayhew's affidavit, Rossell was still afforded access to legal materials during the period in question.
 
 
 11
 Although Rossell alleged in his complaint that he was under a filing deadline, he failed to submit any evidence to show that as a result of his restricted access to the law library, he was unable to meet the deadline. Because Rossell failed to submit any evidence showing that he suffered an "actual injury" as a result of his restricted access to the law library, the district court properly granted summary judgment for the defendants. See Celotex, 477 U.S. at 322; Lewis, No. 94-1511, 1996 WL 340797 at * 5; Vandelft, 31 F.3d at 797.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rossell's request for oral argument is denied
 
 
 *
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Rossell claims that the one-page affidavit which he attached to his complaint is sufficient to oppose the defendants' motion, we reject this claim. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (stating that sweeping conclusory allegations will not suffice to prevent summary judgment)