**Dennis L. STEWART, Plaintiff,**

v.

**Sherman BLOCK, Defendant.**

**No. CV 91–5909–LGB (RMC).**

United States District Court,
C.D. California.

Aug. 2, 1996.

Dennis L. Stewart, Corcoran, CA, pro se.

Dennis P. Riley and Gloria Cardenas, Serritella & Paquette, Los Angeles, CA, for defendant.

## ORDER ADOPTING THE AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

BAIRD, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Amended Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Amended Report and Recommendation.

IT IS ORDERED that (1) the Amended Report and Recommendation is approved and adopted; (2) defendant Block's motion for summary judgment is granted; and (3) Judgment shall be entered dismissing with prejudice the complaint and action.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Amended Report and Recommendation and Judgment by the United States mail on the parties.

## AMENDED REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

After considering defendant's objections to the Report and Recommendation filed May 10, 1996, and reviewing the papers on file, this Amended Report and Recommendation is submitted to the Honorable Lourdes G. Baird, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

### I

Plaintiff Dennis L. Stewart, proceeding *pro se* and *in forma pauperis,* filed a verified Second Amended Complaint ("Complaint") on September 26, 1994, pursuant to 42 U.S.C. Section 1983. The plaintiff challenges certain conditions at the Los Angeles County Jail ("Jail") and names as defendants Sheriff Sherman Block and various other officials at the Jail, in their individual and official capacities. The Court dismissed all defendants except Sherman Block on November 29, 1994.

In his Complaint, plaintiff alleges that, while plaintiff was incarcerated at the Jail, defendant Block engaged in, or was responsible for, the following actions.[1] The plaintiff contacted defendant Block regarding denial of his access to the law library, but his requests for access were ignored. (Complaint, 5:7–9, 6:17–20). The rules and regulations governing the prison were not posted anywhere, so plaintiff was denied his due process right to notice of his rights and responsibilities. (Complaint, 5:10–18). Defendant Block imposed punishment on plaintiff for violations of jail rules without notice or an adequate hearing and without an adequate system for appeal, thereby violating his right to due process, his right to equal protection and his right to be free from cruel and unusual punishment. (Complaint, 5:19–22). Defendant Block placed plaintiff on a disciplinary diet without due process. (Complaint, 5:23–26). Defendant Block implemented an inadequate grievance system for inmate complaints, and there is no mechanism for appeal. (Complaint, 5:27–6:6). The plaintiff informed defendant Block that prison officers had inflicted beatings and assaulted him, but defendant Block ignored these complaints, instead directing plaintiff to address his complaints to the Jail Captain. (Complaint, 6:7–20). Defendant Block is responsible for a policy permitting illegal searches of inmates' cells and the disposal of inmates' property. (Complaint, 7:5–7).

The plaintiff seeks a declaratory judgment that defendant Block violated plaintiff's civil rights, compensatory damages of $300,000.00, punitive damages of $1 million, costs of suit, and such further relief as the Court deems just, proper, and equitable.

### II

█ On October 27, 1995, defendant Block filed a Motion for Summary Judgment. The

---

1. It is unclear from plaintiff's Complaint whether plaintiff was a pretrial detainee or a convicted inmate during the time he was allegedly in the Jail.

Court advised plaintiff of Fed.R.Civ.P. 56 and the requirements necessary to oppose summary judgment. On December 21, 1995, plaintiff was granted an extension of time within which to file an opposition to defendant's motion, but plaintiff failed to file an opposition. Nonetheless, plaintiff's verified Complaint may be treated as an affidavit for summary judgment purposes. *Schroeder v. McDonald,* 55 F.3d 454, 460 (9th Cir.1995).

## DISCUSSION

### III

■ Fed.R.Civ.P. 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for granting a directed verdict. Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict.... If reasonable minds could differ ..." judgment should not be entered in favor of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir.1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir.1982). The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. More than a "meta-physical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Finally, the parties bear the same substantive burden of proof as would apply at a trial on the merits. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

### IV

### Access to Law Library

■ The plaintiff alleges his constitutional rights were violated because he was denied the use of the law library at the Jail. The Constitution guarantees prisoners the fundamental right to meaningful access to the courts. *Lewis v. Casey,* — U.S. —, — – —, 116 S.Ct. 2174, 2178–80, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 824, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). An essential element of any claim of violation of the right to meaningful access to the courts is actual injury. *Lewis,* — U.S. at — – —, 116 S.Ct. at 2178–80. In the Ninth Circuit, to prevail on a claim of inadequate access to the law library, an inmate must establish two things: "First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied access to the courts.'" *Vandelft v. Moses,* 31 F.3d 794, 797 (9th Cir.1994), *cert. denied,* — U.S. —, 116 S.Ct. 91, 133 L.Ed.2d 47 (1995) (quoting *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989)). "The function of the injury requirement is to determine whether the unreasonably limited access to the law library actually deprived the prisoner of access to the courts. If no actual injury has resulted, then the rights of the prisoner have not been infringed, and the inquiry need go no further." *Vandelft,* 31 F.3d at 797. *See Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir. 1991). Without some specific injury arising from the alleged unreasonable denial of access to the law library, plaintiff cannot prevail. *Vandelft,* 31 F.3d at 798 (claim for denial of access to the law library while in administrative segregation failed because plaintiff could not show that he was unable to

file a brief or that he was unable to pursue a collateral attack on the underlying judgment). *Cf. Allen v. Sakai,* 48 F.3d 1082, 1091 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995) (plaintiff showed that denial of a pen prejudiced his access to the courts when the Hawaii Supreme Court returned his notice of appeal because it was not completed in black ink and later dismissed his appeal as untimely).

Here, plaintiff has wholly failed to cite any injury resulting from the alleged denial of his access to the law library. Neither in his complaint nor his responses to defendant's interrogatories does plaintiff identify any injury. (*See* Defendant's Motion For Summary Judgment, Exhibit B, 3:1–12). The plaintiff has not responded to defendant's motion for summary judgment, which specifically notes the lack of injury. Summary judgment, thus, should be granted for defendant on this claim.

## V

### Disciplinary Hearing Due Process

The plaintiff alleges that defendant Block imposed discipline upon plaintiff without providing him with notice of the rules and regulations of the Jail, without an adequate hearing, and without an adequate system of appeal. (Complaint, 5:10–22). Defendant Block submits that it is the prison policy to provide inmates with copies of the rules and regulations upon admittance to the Jail and that the regulations governing disciplinary hearings are modelled after those in Title 15 of the California Code of Regulations (C.C.R.) Sections 1080 through 1084. (Declaration of Sheriff Sherman Block, 27:12–25).

▮▮▮ To the extent plaintiff sues defendant Block in his official capacity, plaintiff's claim is equivalent to a claim against the County of Los Angeles. *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir.1991). To prove a claim against defendant Block in his official capacity, plaintiff must show that an unconstitutional *policy* or *custom* of defendant Block's caused plaintiff an alleged injury; political municipalities are not subject to Section 1983 liability based on a theory of respondeat superior. *Collins v. City of*

*Harker Heights, Tex.,* 503 U.S. 115, 121, 112 S.Ct. 1061, 1066–67, 117 L.Ed.2d 261 (1992); *Monell v. Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). It is not sufficient that plaintiff demonstrate a single unlawful act by a non-policymaking employee. *Davis v. City of Ellensburg,* 869 F.2d 1230, 1233–34 (9th Cir. 1989) ("a plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee"); *Collins v. City of San Diego,* 841 F.2d 337, 341–42 (9th Cir.1988) (city not liable for the actions of a police sergeant who was a non-policymaking official).

▮▮▮ To the extent plaintiff sues defendant Block in his individual capacity, plaintiff must demonstrate that defendant Block, in acting or failing to act, caused the alleged constitutional deprivation. *Leer v. Murphy,* 844 F.2d 628, 633–34 (9th Cir.1988). A supervisory official, such as defendant Block, may be liable under Section 1983 only if he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the official's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992); *Hansen v. Black,* 885 F.2d 642, 645–46 (9th Cir.1989).

▮▮▮ Further, "a summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Here, it is undisputed that defendant Block, a Sheriff of Los Angeles County, is responsible for the inmates at the Jail, although he does not participate in the day-to-day operation of the facility. (Block Decl. 25:20–28, 26:24–11). The conclusory allegations contained in the Complaint do not contain facts showing that defendant Block, in his official capacity, was responsible for a policy which deprived plaintiff of his due process rights in connection with any disciplinary hearing. The plaintiff gives no information about the disciplinary hearing whatsoever; he merely contends that the notice, hearing, and appeal procedures

were inadequate. Additionally, the conclusory allegations do not show that defendant Block personally participated in any disciplinary hearing involving plaintiff, or that any wrongful act on the part of defendant Block contributed to a due process violation in connection with a disciplinary hearing. Accordingly, summary judgment should be granted for defendant Block on plaintiff's claims of violation of due process in connection with the disciplinary hearing.

## VI

### Disciplinary Diet

■■■■ The plaintiff alleges that he was placed on a disciplinary diet while in disciplinary segregation without due process and in violation of California law. (Complaint, 5:23–26). Moreover, under an Eighth Amendment analysis, plaintiff's allegation regarding a disciplinary diet does not rise to the level of a constitutional deprivation. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir.1993) (citation omitted). Defendant Block avers that the disciplinary diet meets the nutritional needs of the inmates. (Block Decl., 27:18–22).

■■■■ Only those conditions of confinement that deny a prisoner "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)). Further, even if plaintiff were a pre-trial detainee, warranting analysis under the Fourteenth Amendment, the same standard applies to a claim of improper diet. *See Redman v. County of San Diego,* 942 F.2d 1435, 1441 (9th Cir.) (en banc), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1995). In *Redman,* the Ninth Circuit described the standards applicable to claims of pre-trial detainees under the Fourteenth Amendment arising from conditions of confinement, noting that "the fourteenth amendment, like the eighth amendment, 'must draw its meaning from evolving standards of decency that mark the progress of a maturing society.'" *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)).

Here, plaintiff alleges no facts tending to show that the disciplinary diet he received was not adequate to maintain health, such as evidence he lost significant weight or incurred health problems. *See LeMaire,* 12 F.3d at 1456 (Nutraloaf, the food served in the disciplinary segregation unit at Oregon State Prison, provided adequate nutrition and calories for inmates, and plaintiff actually gained weight while on Nutraloaf diet). The plaintiff, thus, has shown no federal constitutional claim arising from the disciplinary diet. Moreover, to the extent that plaintiff attempts to state a claim under California law, in the absence of a federal claim, this Court should decline to exercise pendant jurisdiction. Summary judgment should be granted for defendant Block on this claim.

## VII

### Inmate Grievance Procedure

■■■ The plaintiff alleges that defendant Block has implemented a constitutionally inadequate grievance procedure; specifically, that inmates' complaints are ignored, inmates never receive notice, and there is no mechanism for appeal. (Complaint, 5:27–6:7). These allegations, however, fail to state a constitutional deprivation. The Constitution creates no entitlement to prison grievance procedures. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.), *cert. denied,* 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993). Summary judgment should be granted for defendant Block on this claim.

## VIII

### Prison Assaults

The plaintiff alleges that, in December of 1989, he spoke with defendant Block, informing defendant Block that subordinates had subjected plaintiff to beatings and other assaults and that he was not allowed use of the

law library. (Complaint, 6:7–16). Defendant Block avers that he never spoke with plaintiff, was not aware at any time that plaintiff was beaten or assaulted by prison staff, and never directed that prison officials take any action against plaintiff. (Block Decl., 28:6–19, 28:27–29:5).

■■■■ A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment proscription against cruel and unusual punishment. *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). Under this formulation, plaintiff must first show that a prison official's action created a risk of harm that was sufficiently serious, as measured under an objective standard. *See Farmer,* 511 U.S. at ——, 114 S.Ct. at 1977; *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991); *Wallis v. Baldwin,* 70 F.3d 1074, 1076 (9th Cir.1995). The plaintiff must also show that defendant Block acted with deliberate indifference, as measured under a subjective standard. *See Farmer,* 511 U.S. at ——, ——, 114 S.Ct. at 1977, 1980; *Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323; *Wallis,* 70 F.3d at 1076. To prove deliberate indifference, the plaintiff must show that defendant Block knew that plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at ——, ——, 114 S.Ct. at 1979, 1984.

■■■ If plaintiff was a pre-trial detainee at the time the alleged assaults occurred, his claim must be analyzed under the Fourteenth Amendment. *Anderson v. County of Kern,* 45 F.3d 1310, 1312 (9th Cir.), *as amended on denial of reh'g,* 75 F.3d 448, *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995); *Redman,* 942 F.2d at 1441. To determine whether a prison official has acted with deliberate indifference to the infliction of pain or the inmate's essential needs, the Ninth Circuit has applied the same standard to claims under the Fourteenth Amendment as those under the Eighth Amendment. *Anderson,* 45 F.3d at 1312–1313.

■■■ The plaintiff's own statements in his verified complaint, which may serve as an affidavit in opposition to defendant's motion for summary judgment, *Schroeder v. McDonald,* 55 F.3d at 460, show that no constitutional violation occurred because defendant Block did not act with deliberate indifference on a subjective level. The plaintiff states that when he informed defendant Block of the alleged assaults, defendant Block counseled plaintiff to address his grievances to the Jail Captain. (Complaint, 6:7–20). Defendant Block has delegated the supervision and operation of the deputies at the Jail to the Division Chief of the Custody Division. The Division Chief, in turn, has delegated the supervision and operations to one or more Station or Bureau Commanders, who have, in turn, delegated the direct supervision of the deputies to Field Sergeants or Senior Deputies. (Declaration of Sherman Block, par. 4–6). Accordingly, accepting plaintiff's statements as true, when plaintiff informed defendant Block that he had been assaulted, defendant Block acted reasonably under the *Farmer* standard by referring plaintiff to an officer whose duties include supervision of the alleged attackers. Thus, no constitutional violation occurred and summary judgment should be granted defendant Block on this claim.

## IX

### Policy Regarding Cell Searches

■■■ In his Complaint, plaintiff alleges that he suffered in his criminal case because of the policy of the Sheriff regarding cell searches and illegally disposing of property, without taking notice as to what said property may have been." (Complaint, 7:5–7). The plaintiff, however, submits no evidence to support this allegation. The plaintiff has not submitted any evidence tending to show that defendant Block, in his official capacity, was responsible for an unconstitutional policy permitting the illegal search of cells and disposal of property. *Collins,* 503 U.S. at 121, 112 S.Ct. at 1066–67; *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38. The plaintiff's bare and conclusory allegation, moreover, is insufficient to raise an issue of material fact as to the existence of such policy. *Taylor,* 880 F.2d at 1045.

Likewise, to the extent plaintiff sues defendant Block in his individual capacity, plaintiff's mere allegation that defendant Block permitted illegal cell searches and the dispos-

al of property is insufficient to show that defendant Block, in acting or failing to act, caused the alleged constitutional deprivation. *Leer*, 844 F.2d at 633–34. Defendant Block states that he did not give any instructions to any of his deputies regarding any contacts with plaintiff. (Block Decl. 28:23–26). The plaintiff's conclusory allegation regarding "illegal" cell searches does not raise an issue of fact. *Taylor*, 880 F.2d at 1045. Summary judgment, thus, should be granted for defendant Block on this claim.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order (1) adopting the Amended Report and Recommendation; (2) GRANTING defendant Block's motion for summary judgment; and (3) directing that Judgment be entered in favor of defendant Block and dismissing the Complaint and action with prejudice.

DATE: July 8, 1996.