95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard L. TERFLINGER, Plaintiff-Appellant,
v.
Lourdes G. BAIRD, United States Attorney; James P. Walsh,
Jr., Assistant United States Attorney; Daniel E. Lungren,
Attorney General for the State of California; Ira Reiner,
District Attorney for the County of Los Angeles; Sherman T.
Block, Sheriff for the County of Los Angeles, California, Defendants,
and
Hayward Barnett, Defendant-Appellee.
 No. 95-55058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Richard L. Terflinger appeals pro se the district court's summary judgment for defendant Hayward Barnett in his 42 U.S.C. § 1983 action seeking declaratory relief and damages. Terflinger alleged that Barnett violated his Fourth Amendment rights and denied him due process by impeding his access to the courts when Barnett executed a search warrant and seized items including legal materials from Terflinger's prison cell. The district court determined that Barnett was entitled to qualified immunity and granted summary judgment.
 
 
 3
 Terflinger contends that the district court erred by granting summary judgment for Barnett. We review de novo a district court's summary judgment, see Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995), and we may affirm that judgment on any basis finding support in the record, see Branson v. Nott, 62 F.3d 287, 291 (9th Cir.), cert. denied, 116 S.Ct. 565 (1995).
 
 
 4
 Here, Barnett was entitled to summary judgment on Terflinger's Fourth Amendment claim because Terflinger failed to state a cognizable claim. See Hudson v. Palmer, 468 U.S. 517, 526-28 (1984) (holding that the Fourth Amendment's proscription against unreasonable searches and seizures does not apply to prison cells); see also Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.) (stating that "the [F]ourth [A]mendment does not protect an inmate from the seizure and destruction of his property"), cert. denied, 493 U.S. 868 (1989). Barnett was also entitled to summary judgment on Terflinger's access to the courts claim, because Terflinger failed to demonstrate that the seizure of legal materials actually deprived him of access to the courts. See Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir.1994) (holding that defendants were entitled to summary judgment on an inmate's access to the courts claim because the inmate failed to provide a specific instance where defendants' conduct actually denied him access to the courts), cert. denied, 116 S.Ct. 91 (1995). Thus, there was no due process violation. See Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989) (stating that the right of access to the courts is "grounded in the [F]ourteenth [A]mendment's due process clause").
 
 
 5
 To the extent that Terflinger contends that Barnett deprived him of his property without due process, we affirm the district court's judgment because Terflinger had an adequate state post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Terflinger's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Terflinger's motion to file supplement excerpts of record in this appeal
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal.