Dontay D. HAYES, Plaintiff,

v.

J.S. WOODFORD, Director of Corrections, et al., Defendant.

No. 04 CV 1419 H.

United States District Court, S.D. California.

Aug. 16, 2006.

Plaintiff, in pro per.

Defendants, G. Michael German, Deputy Attorney General, Office of the California Attorney General, San Diego, CA.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND STRIKE AND TERMINATING CASE

HUFF, District Judge.

On July 14, 2004, Plaintiff Dontay D. Hayes ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought an action for violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff filed a first amended complaint ("FAC") on June 9, 2005. (Doc. No.20.) Plaintiff alleges that he was either denied access or had restricted access to the prison law libraries at California Correctional Institute at Tehachapi, California ("CCI") and Calipatria State Prison ("Calipatria") from January 1999 to June 2000, in violation of his First and Fourteenth Amendment rights. (Doc. No. 20.)

On November 21, 2005, Defendants Jeanne S. Woodford, Undersecretary of the California Department of Corrections and Rehabilitation, Tom Carey, Warden of CCI, and Sylvia Garcia, Warden of Calipatria (collectively "Defendants") brought a motion to dismiss the FAC pursuant to Fed.R.Civ.P. 12(b)(5) and (6), and to strike the prayer for punitive damages pursuant to Fed.R.Civ.P. 12(f). (Doc. No. 29.) On the same day, Defendants filed a request for judicial notice. (Doc. No. 31.) On February 16, 2005, Magistrate Judge McCurine filed a Report and Recommendation recommending the Court grant in part and deny in part Defendants' motion to dismiss and strike. (Doc. No. 37.) Plaintiff filed a motion for leave to file a second amended complaint on February 27, 2006. (Doc. No. 39.) On March 28, 2006, Plaintiff filed objections to the Report and Recommendation and submitted a request for judicial notice. (Doc. No. 41.) Defendants filed a reply to Plaintiff's objections on March 23, 2006. (Doc. No. 40.) For the following reasons, the Court GRANTS Defendants' motion to dismiss and to strike.

### Background

On January 27, 1998, Plaintiff, pursuant to his plea of *nolo contendere*, was convicted of nine counts of robbery under California Penal Code ("Penal Code") § 211 in Los Angeles Superior Court. He received a thirty-year prison sentence. (Lodgment

at 3.) Plaintiff did not file a timely appeal from his conviction. The California Court of Appeal denied his request to file a late notice of appeal on August 21, 1998. (*Id.*)

Plaintiff filed his first state habeas petition in the California Court of Appeal on January 18, 1999. (*Id.*) The California Court of Appeal denied his petition on January 28, 1999. (*Id.*) On May 24, 1999, Plaintiff filed a second habeas petition in the California Court of Appeal. (*Id.*) The Court of Appeal denied that petition on June 2, 1999. (*Id.*) Plaintiff filed a third habeas petition with the Los Angeles Superior Court on June 2, 2000. (*Id.*) The Superior Court denied his motion on the same day. (*Id.*) On June 23, 2000, Plaintiff filed a fourth habeas petition with the California Court of Appeal. (*Id.*) The Court denied his petition on June 23, 2000. (*Id.*) On November 29, 2000, Plaintiff filed a habeas petition in the California Supreme Court, which the Court denied the same day. (*Id.* at 4.) Finally, Plaintiff filed a second habeas petition with the California Supreme Court on January 26, 2001, which the Court denied on April 25, 2001. (*Id.*)

On July 24, 2001, Plaintiff filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the District Court for the Central District of California. (*Id.* at 3.) The Court denied his petition as untimely on April 5, 2003. (*Id.* at 1, 4.)

## Discussion

### A. Legal Standards

#### 1. Review of Magistrate's Report and Recommendation

The district court "shall make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Rule 8(b)(4) of the Rules Governing § 2254 Cases. The Court also reviews *de novo* the magistrate judge's conclusions of law. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983) *overruled on other grounds by United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir.2003).

#### 2. Review under Fed.R.Civ.P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is reviewed *de novo*. *Monterey Plaza Hotel Ltd. v. Local*, 215 F.3d 923, 926 (9th Cir. 2000). Rule 12(b)(6) permits the Court to dismiss a claim which is not legally sufficient. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2002). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988)). In considering the motion, the Court must accept all material allegations and reasonable inferences which can be drawn from the complaint as true. *Id.* (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996)).

In a § 1983 action where the plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. *Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir.1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir.1985)). The court must grant leave to amend the complaint unless it is clear that amendment could not cure the complaint's deficiencies. *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir.1987) (internal citations omitted)). The plaintiff must still allege specific, overt acts which support his claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984); *see also Ivey v. Bd. of Regents of the Univ. Of Alaska*, 673 F.2d 266, 268 (9th Cir.1982) (stating "[v]ague and conclusory allegations of official participation in civil rights

violations are not sufficient to withstand a motion to dismiss."). Even though the plaintiff's claims are to be liberally construed, the court must determine whether the *pro se* plaintiff can prove no set of facts which would support his claim and entitle him to relief. *Ortez v. Washington County, State of Or.,* 88 F.3d 804, 807 (9th Cir.1996) (citing *Jones,* 733 F.2d at 649).

### 3. Standard of Review under Fed. R.Civ.P. 12(b)(5)

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a court to dismiss an action for insufficient service of process. Fed.R.Civ.P. 12(b)(5). Where the validity of service is contested, the burden is on the plaintiff to prove proper service. *See e.g., Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993). Pursuant to Local Civil Rule 4.1(d), service of a third-party complaint "shall be made upon each new party to the litigation, whether or not multiple parties are represented by a single attorney." Local Civil Rule 4.1(d). Where service is not timely made, the Court may dismiss the case without prejudice or extend the time for service if good cause is shown. Fed.R.Civ.P. 4(m).

### 4. Standard of Review under Fed. R.Civ.P. 12(f)

Upon motion by a party, the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R.Civ.P. 12(f). " '[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.' " *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (quoting *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). Matter is "immaterial" where

there is no important or essential relationship to the claims or defenses being pleaded. *Id.* at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* 2d § 1382, at 706–11 (1990)). "Impertinent" matter is that which is not necessary or does not pertain to the issues at hand. *Id.*

Rule 12(f) motions to strike are generally disfavored. *See e.g., Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000). However, the court may grant the motion to streamline the ultimate resolution of the action and focus the jury's attention on the real issues. *Fantasy, Inc.,* 984 F.2d at 1528.

### 5. Judicial Notice

Federal Rule of Evidence 401 governs judicial notice of adjudicative facts. Fed. R.Evid. 401(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 401(b). If supplied with the necessary information and requested by a party, the Court must take judicial notice. Fed.R.Evid. 401(d). However, a court "may take judicial notice whether requested or not." Fed.R.Evid. 401(c). The party bringing the motion bears the burden of proving the matter is not reasonably disputable. *See e.g., Hardy v. Johns–Manville Sales Corp.,* 681 F.2d 334, 347–348 (5th Cir.1982).

### B. Actual Injury

State and federal prisoners have a fundamental right of access to the Courts. *Casey v. Lewis,* 43 F.3d 1261, 1266 (9th Cir.1994). "It is the right upon which all other rights depend." *Id.* A prisoner's right of access is rooted in the

due process clause and ensures that no person will be denied the opportunity to present allegations of constitutional deprivation to the judiciary. *Id.* (citing *Gilmore v. Lynch,* 319 F.Supp. 105 (N.D.Cal.1970)). It is the State's duty to assist prisoners in preparing and filing papers by ensuring adequate access to a law library or sufficient assistance from individuals trained in the law. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the existence of sufficient library facilities does not provide sufficient access where prisoners are denied reasonable time to utilize the library's resources. *Toussaint v. McCarthy,* 801 F.2d 1080, 1109 (9th Cir.1986) *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). Prisons may deny inmates access where it would threaten institutional security, such as during periods of lock-down, however, prisons must grant segregated access "as reasonably necessary absent documented security reasons." *Casey,* 43 F.3d at 1266. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials must regulate the time, manner, and place in which library facilities are used." *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991).

In the Ninth Circuit, a prisoner alleging that he was denied his constitutional right of access to the courts due to inadequate access to library facilities must show two things: (1) he must demonstrate that his ability to access the library was so limited that it was unreasonable; and (2) he must establish that this limited access caused him actual injury. *Vandelft v. Moses,* 31 F.3d 794, 797 (9th Cir.1994.) A prisoner establishes actual injury by showing he was actually denied access to the courts. *Id.* (citing *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989)). "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Har-*

*bury,* 536 U.S. 403, 416, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

For Plaintiff to state a claim to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), he must demonstrate that he suffered actual injury and that his underlying claim was arguable and non-frivolous. Plaintiff cannot establish actual injury, however, because even if the Defendants did not permit him sufficient access to the library from January 1999 to July 2000, he still failed to file his federal habeas petition for two years, greatly exceeding the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

**1. Plaintiff's Federal Habeas Petition and the Statute of Limitations**

On July 24, 2001 Plaintiff filed his federal habeas petition under 28 U.S.C. § 2254. (Lodgment at 1.) The District Court denied his petition as untimely under the AEDPA one-year statute of limitations. (Id.) The District Court found that Plaintiff's state court robbery conviction became final on March 28, 1998, sixty days after the California Superior Court entered judgment against him. (Id. at 5–6.) The Court concluded that, with brief tolling while Plaintiff's first state habeas petition was pending, the AEDPA limitations period expired on April 9, 1999 for two of Plaintiff's three federal habeas claims. (Lodgment at 5–6.) The Court determined that Plaintiff was entitled to additional tolling on one claim and concluded that the statute of limitations expired for that claim on June 23, 1999. (Id. at 7–8.) Thus, the Court concluded, because the AEDPA limitations period for all three of Plaintiff's claims expired by at least June 23, 1999, and he waited to file his federal

petition until July 24, 2001, the federal petition was untimely. (*Id.* at 6–8.)

### 2. Plaintiff's Civil Rights Complaint

### a. Plaintiff's First Claim: January to July, 1999

Plaintiff's first § 1983 claim alleges inadequate access to the library facilities from January to July 1999 because of a lock-down at CCI. (FAC at 3.) Plaintiff contends that he was allowed access to the library only once, upon request. *Id.* Plaintiff contends that the correctional officers at CCI enforced the restricted library access procedures. (Id.) However, he claims Defendant Carey created those procedures, and Defendant Woodford approved them. (*Id.*)

Plaintiff's factual assertions and conclusory allegations fail to establish actual injury. Even if, as Plaintiff contends, he were denied sufficient access to CCI's law library from January to July 1999, the statute of limitations to file his federal habeas petition expired on June 23, 1999, and he waited over two years before filing his federal petition. Considering both this claim and Plaintiff's second claim, which alleges insufficient access from July 1999 to June 2000, Plaintiff still does not account for the additional year (from June 2000 to July 2001) he waited to file his federal habeas petition. The Court also notes that during the time when Plaintiff was allegedly denied access to the prison law library at CCI, he was able to file his first habeas petition with the California Court of Appeal on January 18, 1999 and a second habeas petition in the same Court on May 24, 1999. (Lodgment at 3.) Furthermore, Plaintiff was able to file five separate habeas petitions in state court before he filed his federal petition. The record does not support Plaintiff's assertion that Defendants Carey and Woodford denied him adequate library access and therefore does not support Plaintiff's claim

that he was denied access to the courts in violation of his constitutional rights. *See Vandelft,* 31 F.3d at 797. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first claim.

### b. Plaintiff's Second Claim: July 1999 to June 2, 2000

In his second § 1983 claim, Plaintiff alleges that Defendants Garcia and Woodford denied him adequate access to the prison law library at Calipatria from July 1999 to June 2, 2000. (FAC at 5.) Under the restricted access procedures, he contends that Prisoners could only obtain library access by submitting a request form to the Library Technical Assistant. (*Id.*) Plaintiff asserts that the library gave priority access to those prisoners with thirty days left on court imposed or statutory limitations period deadlines. (*Id.*)

Plaintiff alleges that Defendants Woodford and Garcia instituted these policies, which prevented him from timely filing his federal habeas petition. (*Id.*) However, the statute of limitations had already expired by the time he was transferred to Calipatria and allegedly denied access. Furthermore, Plaintiff fails to allege that he was actually denied access to the library. He states that Calipatria had restricted access during lock-down periods, and that a lock-down occurred from July 1999 to December 1999 and again from December 1999 to June 2000, but does not allege that he was actually denied access to the facilities during that time. Therefore, Plaintiff cannot establish actual injury. *See Vandelft,* 31 F.3d at 797.

Plaintiff also claims the law libraries at Calipatria were insufficient. (FAC at 5–6.) He contends that there was only one library for every two yards, that the libraries lacked pens, proper case citations, and that the copiers worked infrequently. (*Id.*) However, Plaintiff fails to demon-

strate how the alleged deficiencies affected his ability to file his federal habeas petition within the statute of limitations and thus fails to show actual injury. *See Vandelft,* 31 F.3d at 797.

Even if Plaintiff presented sufficient facts to show that he was denied access at both CCI and Calipatria from January 1999 to June 2000, Plaintiff still failed to file his federal habeas petition until July 9, 2001, over a year after the alleged denial of access occurred. Plaintiff does not set forth any information to explain the delay. Therefore, the Court concludes Plaintiff has not established actual injury. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's second claim.

### 2. Defendant Garcia is Dismissed for Improper Service of Process

Defendants contend the Court lacks personal jurisdiction over Defendant Garcia due to improper service of process and therefore Defendant Garcia should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5).

Plaintiff did not name Defendant Garcia in the original complaint. In his first amended complaint, he added Defendant Garcia as a new party to the litigation. On November 4, 2005, the United States Marshal delivered copies of the summons and complaint to the California Attorney General's Office, but not to Defendant Garcia. (Doc. No. 28.) Under Civil Local Rule 4.1(d) a new party to the litigation must be personally served with a summons and complaint. Plaintiff has failed to personally serve Defendant Garcia within the 120 day time limit imposed by Fed.R.Civ.P. 4(m) and has not demonstrated any reason for this failure. Accordingly, the Court GRANTS Defendants' motion to dismiss the complaint against Defendant Garcia.

### 3. Respondeat Superior Liability

In a § 1983 civil rights action, a supervisory official cannot be held liable for an alleged constitutional violation unless: (a) he or she personally participated in the constitutional violation; or (b) the plaintiff can establish a sufficient causal connection between the official's action and the constitutional deprivation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Wood v. Housewright,* 900 F.2d 1332, 1342 (9th Cir.1990). The inquiry into causation must be individualized, focusing on the responsibilities and duties of each individual defendant who has allegedly caused a deprivation of constitutional rights. *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988).

Plaintiff's conclusory allegations do not establish an individual causal connection between any alleged constitutional infringement and any affirmative action or omission to act by Defendants Woodford and Carey. *See Leer,* 844 F.2d at 628. The fact that Carey and Woodford are prison officials is not sufficient proof that they deprived Plaintiff of his constitutional rights. *See Leer,* 844 F.2d at 628. Lock-downs are a necessary security measure and prisons are allowed to deny inmates access at times when it would threaten institutional security. *See Casey,* 43 F.3d at 1266. Prison officials such as Carey and Woodford are allowed to regulate the time, place, and manner of access to library facilities. *See Johnson,* 948 F.2d at 521. While Plaintiff's access was limited, there is no indication he was complete-

ly denied reasonable time to utilize the facilities. In fact, he was able to file two habeas petitions in the Court of Appeal during the time he alleges Defendants Carey and Woodford denied him access.

█ Plaintiff also asserts that Defendants Garcia and Woodford are vicariously liable for the actions of Calipatria Library Technical Assistant K. Raske. Respondeat superior liability is not available in § 1983 claims. *Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because causation is a requirement of any § 198342USCAS1983 claim, respondeat superior is not available. *Brooks v. United States,* 197 F.3d 1245, 1248 (9th Cir.1999). Therefore, Defendants cannot be held vicariously liable for Plaintiff's § 1983 claims. Accordingly, the Court GRANTS Defendants' motion to dismiss the claims against them in their official capacities.

### 4. Eleventh Amendment Immunity

█ Defendants contend that because they were acting in their official capacities, the claims against them (in their official capacities) should be dismissed. Defendants argue that they are immune from suit in their official roles under the Eleventh Amendment.

█ The Eleventh Amendment bars § 1983 suits for money damages against state officers in their official capacities unless the state waives such immunity. *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Plaintiff sued Defendants in both their individual and official capacities under § 1983 for money damages. Because the State has not waived immunity, Defendants are immune from suit in their official capacities. Accordingly, the Court GRANTS Defendants' motion to dismiss

the claims against them in their official capacities.

### 5. Defendants' Motion to Strike

█ Defendants move to strike Plaintiff's punitive damages request pursuant to Fed.R.Civ.P. 12(f). Defendants contend Plaintiff has not presented any factual allegations to show Defendants acted with malice or evil intent.

█ A plaintiff asserting a claim for punitive damages in a § 1983 action against an individual officer must show that the individual officer's conduct was motivated by evil motive or intent, or that the officer acted recklessly or with callous indifference to the plaintiff's federally protected rights. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 969 (9th Cir.2001) (citing *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)).

Plaintiff has not set forth any factual allegations regarding Defendants' evil motive or intent and has not alleged that they acted recklessly or with indifference to his federally protected rights. Therefore, the Court GRANTS Defendants' motion to strike the prayer for punitive damages.

### 6. Judicial Notice

Defendants request the Court take judicial notice of the May 29, 2003, amended report and recommendation in *Hayes v. Garcia,* No. 01–CV–06357–AHM–RZ (Central Dist. Cal. Civ.2003), the Declaration of G. Michael German (and exhibits), and "the complete files and records in this action ... [and] such additional matters subject to judicial notice as may be submitted by the time of the hearing in this matter."

█ Courts may take judicial notice of their own records. *U.S. v. Author Services,* 804 F.2d 1520, 1523 (9th Cir.1986)

(citing *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Diamond v. Pitchess*, 411 F.2d 565, 566 (9th Cir.1969)). Additionally, federal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to matters before the court. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992). A court may " 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988).

██ Defendants first request the Court take judicial notice of the May 29, 2003 amended Report and Recommendation in *Hayes v. Garcia*, No. 01–CV–06357–AHM–RZ (Central Dist. Cal. Civil 2003). United States Magistrate Judge Ralph Zarefsky issued the Report and Recommendation, recommending that the District Court grant the defendants' motion to dismiss Plaintiff's federal habeas petition as untimely. District Judge A. Howard Matz issued an order on September 8, 2003, adopting the Report and Recommendation and dismissing Plaintiff's federal habeas petition. Accordingly, because the proceedings in the Central District of California directly relate to the matter before the Court, the Court GRANTS Defendants' motion and takes judicial notice of the amended Report and Recommendation.

██ Defendants further request that the Court take judicial notice of the Declaration of G. Michael German, Deputy Attorney General of the State of California, and the exhibits attached thereto. Defendants request judicial notice of the declaration and attachments to support that: (1) Defendant Woodford was the Warden of San Quentin prison until 2004 when she succeeded to the position of Deputy Director of the Institutions Division of the California Department of Corrections and Rehabilitation ("CDCR"); and (2) that the correct name of what Plaintiff labels "Tehachapi State Prison" is actually "California Corrections Institute" or CCI. Defendants also request the Court take judicial notice of the Abstract of Judgment against Plaintiff, attached as Exhibit A to the German Declaration. (German Decl. at 2.) The Court has considered the declaration and its exhibits in deciding the motion to dismiss, but DECLINES to take judicial notice of the German Declaration as it is unnecessary.

### 7. Plaintiff's Motion for Leave to File a Second Amended Complaint

On February 27, 2006, Plaintiff filed a motion for leave to file a second amended complaint. (Doc. No. 39.) The only substantive change Plaintiff makes in the second amended complaint is to substitute Cal Terhune, Director of the California Department of Corrections, for Defendant Woodford. Because Plaintiff does not set forth any allegations of personal involvement by Terhune in his motion for leave to file a second amended complaint, the proposed second amended complaint does not cure the deficiencies of the FAC. Respondeat superior is not available in § 1983 actions absent allegations of personal involvement. *See Redman*, 942 F.2d at 1446. Therefore, the Court DENIES Plaintiff's motion for leave to file a second amended complaint.

### Conclusion

For the above-stated reasons, the Court takes the following action:

1. **GRANTS** Defendants' motion to dismiss Plaintiff's first § 1983 claim.

2. **GRANTS** Defendants' motion to dismiss Plaintiff's second § 1983 claim.

3. **GRANTS** Defendants' motion to dismiss Defendant Garcia for improper service of process.

4. **GRANTS** Defendants' motion to dismiss all claims against Defendants in their official capacities.

5. **GRANTS** Defendants' motion to dismiss Plaintiff's claims based on respondeat superior liability.

6. **GRANTS** in part and **DENIES** in part Defendants' request for judicial notice.

7. **DENIES** Plaintiff's motion for leave to file a second amended complaint as moot.

The case is terminated. Accordingly, the Court **ORDERS** the Clerk to close the case.

IT IS SO ORDERED.