**James Michael MYRON, Plaintiff—Appellant,**

and

**James M. Landsberger; Dwayne Deluna; Rick Cesaro, Plaintiffs,**

v.

**Cal TERHUNE; Gary Lindsey, G.E. Harris; Edward L. Ylst; Alfonso K. Fillion; D.A. Mayle; Carl Larsen; A.A. Lamarque; P. Hamilton; A. Solis; J. Basso; P. Mandeville; P. Carillo; A. Alexander; R. Padilla; S. Shipman; P. Marriott; Don Chesterman; John H. Burk; R. Peralez; B. White; Burke; C. Pickering; Duck; Rita Clayton; J. Thompson; Smith; C. Moreno; Tann; V. Barron; Rings; Hill; Davis; Kilpatrick; E. Donnelly; Puig; Davis, Dr.; M.S. Madison; Kuenzi, Dr.; Parkinson, Dr.; Wittenberg, Dr., Defendants—Appellees.**

No. 04–15770.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Feb. 17, 2006.

Filed Feb. 7, 2007.

James Michael Myron, Blythe, CA, pro se.

Thomas S. Patterson, Esq., Oakland, CA, for Defendants–Appellees.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM*

ORDER

The petition for rehearing is granted. Our memorandum filed August 7, 2006 is withdrawn and memorandum filed with this order shall be filed.

Myron appeals from the district court's *sua sponte* dismissal of six of his claims and from summary judgment on his two remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, dismiss in part, and remand.[1]

I.

The district court dismissed most of Myron's first claim and held that because Myron's challenges regarding "overcrowding and understaffing" and "oppressive cell conditions" did not allege physical injury, 42 U.S.C. § 1997e(e) barred the claims entirely. However, in *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir.2002), we ruled that section 1997e(e) only restricts the availability of certain types of relief (monetary damages in some instances), while leaving open the possibility of nominal and punitive damages. We held that section 1997e(e) did not bar claims entirely, but merely restricted the available types of relief. *Id.*

The district court therefore erroneously dismissed much of Myron's first claim. We reverse that ruling and remand. As

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Myron's fourth claim, as well as parts of his eighth claim dealing with prison publications and library access, are addressed in the accompanying opinion.

such, Myron's as-applied Eighth Amendment challenge to the statute is moot. *See Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.2001). We dismiss that portion of Myron's appeal.

Because we are reversing on statutory interpretation grounds, we do not reach Myron's facial constitutional challenges to the statute.

## II.

■ Myron next argues that the district court erroneously dismissed his second claim and part of his first claim (under the heading "Inadequacies of Support Services") because the district court should have instead granted a non-existent Rule 12(e) motion for a more definite statement. The applicable statute, 28 U.S.C. § 1915A(b), provides that the district court "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted...." Because the statute mandates dismissal rather than clarification, the district court did not err by dismissing these claims.

## III.

■ Myron next argues that the district court erred by entering summary judgment on his third and sixth claims before allowing Myron to complete discovery. We review a district court's decision not to allow further discovery pursuant to Rule 56(f) for abuse of discretion. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002).

Plaintiffs seeking to oppose summary judgment because of incomplete discovery "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

In a November 9, 2001 motion, Myron sought certain discovery-related privileges. The district court denied the motion, stating:

> Plaintiff has failed to provide the court with copies of the discovery requests and proof of service on Defendants, which means that the court cannot determine whether or not the requests were properly made.... Plaintiff may file renewed motions addressing the same issue, but in so doing, Plaintiff should attach copies documenting all discovery attempts and their own compliance with discovery rules and procedures.

Despite this clear instruction, Myron sought to oppose summary judgment with an inadequate, indefinite statement. The district court correctly responded that Myron had again "failed to provide the court with copies of the discovery requests and proof of service on Defendants."

Myron therefore fell short of meeting his burden. *See Campbell*, 138 F.3d at 780. Furthermore, Myron failed to comply with the district court's prior mandate to attach copies of the discovery requests and proof of service. The district court therefore was only presented with a vague and conclusory statement that more discovery was needed. As such, the district court did not abuse its discretion in denying Myron's Rule 56(f) motion.

Myron also appeals from the summary judgment on the merits. We review a summary judgment de novo. *See Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). The district court entered summary judgment in part based upon Myron's complete

failure to attribute any behavior to specific defendants.

■ In a similar prison conditions appeal, we held that "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988). Myron's complaint fails to do so, and we therefore affirm summary judgment on these claims.

### IV.

■ The district court dismissed Myron's fifth claim, which alleged various deficiencies in the prison grievance system. Because there is no constitutional right to an effective prison grievance system, we affirm the dismissal. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure") (citations omitted).

### V.

■ The district court also dismissed Myron's seventh claim, which complained of Myron's cell being searched without a warrant, in violation of the Fourth Amendment. This claim is frivolous. The Supreme Court has explicitly held that "the Fourth Amendment has no applicability to a prison cell." *See Hudson v. Palmer,* 468 U.S. 517, 536, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

### VI.

Myron's eighth claim alleges several separate violations of his First and Fourteenth Amendment rights. The district court dismissed this claim in its entirety.

■ Myron first alleges prison officials have prevented him from forming a political action committee. The government can regulate prisoner organization activities if it can show that its restrictions are "rationally related to the reasonable ... objectives of prison administration." *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *accord Shaw v. Murphy,* 532 U.S. 223, 229, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) ("When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests") (quotation marks and citation omitted).

Because the district court dismissed Myron's complaint *sua sponte,* the defendants have not yet offered any justification for the restriction, and none is contained in Myron's complaint. Because no legitimate penological interest has yet been offered, we must reverse the dismissal of this claim and remand.

■ Myron next alleges that he has been denied access to newspapers and magazines. "It is well settled that the First Amendment protects the flow of information to prisoners; any limitation must reasonably relate to a legitimate penological interest." *See Crofton v. Roe,* 170 F.3d 957, 959 (9th Cir.1999). Because the record does not yet contain any justification for the restriction, we must reverse dismissal and remand this claim.

### VII.

Myron also challenges the denial of his Rule 54(b) motions for a final judgment. Because all of Myron's claims are now before us and we cannot provide any relief, we dismiss this argument as moot. *See Cantrell,* 241 F.3d at 678.

### VIII.

Myron also objects to the denial of his Rule 55 motion for a default judgment.

We review the denial of a default judgment for abuse of discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Myron's argument fails to set forth a basis to conclude that he was entitled to a default judgment or that the district court abused its discretion. We agree with the district court.

### IX.

■ Myron also contends that prison officials violated his constitutional rights by "den[ying] [him] access to all library services during periods of lockdown" and "curtail[ing] the hours of library services due to a lack of staffing, space, and resources." Myron may establish under the Fourteenth Amendment "that his right of access to the courts was violated because of inadequate access to a law library." *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994). However, he "must establish two things: first, he must show that the access was so limited as to be unreasonable; second, he must show that the inadequate access caused him actual injury, *i.e.*, show a specific instance in which he was actually denied access to the courts." *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994) (internal quotations omitted). Because Myron fails to allege that he was actually denied access to the courts to pursue any particular legal action, we reject his library-access contention.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, DISMISSED in part. REMANDED.**